**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-01964** |
| **JOSUE CARRION CARRERO** | **CHAPTER 11** |
| **Debtor(s)** | **FILED & ENTERED ON 09/01/2016** |

**OPINION & ORDER**

Before the court is the *United StatesTrustee's ("UST") Motion to Convert to Chapter 7 Pursuant to § 1112(b) of the Bankruptcy Code* and *Legal Memorandum in Support of the Motion* [Dkt. No.'s 91 & 92], *Firstbank Puerto Rico's ("Firstbank") Motion Requesting Conversion or Dismissal* [Dkt. No. 114], and Debtor's *Responses* [Dkt. No's 126 & 130]. The court held a hearing to consider the motions on August 24, 2016, and took the matter under advisement. For the reasons set forth below, the UST's motion to convert to chapter 7 is GRANTED. In its motion, which is joined by Firstbank, the UST cites several grounds for the conversion of the case to chapter 7, specifically, lack of good faith due to undisclosed assets; substantial or continuing loss to or diminution of the estate coupled with the absence of the likelihood of rehabilitation; and gross mismanagement of the estate.

The initial burden is on the movant to prove there is cause for either conversion or dismissal of the chapter 11 case. Efron v. Candelario, 529 B.R. 396, 411 (1st Cir. BAP 2015). Once the movant establishes cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that conversion or dismissal is not in the best interests of

the creditors and the estate, and that it meets the other requirements of § 1112(b)(2). Id. If no such unusual circumstances exist and/or the other requirements are not met, the bankruptcy court must convert or dismiss the case. Id. The bankruptcy court has broad discretion to determine whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. Id. (citing In re Colón Martinez, 472 B.R. at 144; In re Gilroy, 2008 WL 4531982, at *4).

Although the Code does not define "cause" as that term is used in § 1112(b), Section 1112(b)(4) provides a nonexclusive list of what constitutes cause including, but not limited to, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter," or "failure timely to provide information or attend meetings reasonably requested by the United States trustee." See 11 U.S.C. § 1112(b)(4)(A), (F), and (H).

The record of the case demonstrates that the information contained in Debtor's schedules was inaccurate or misrepresented. The Section 341 meeting of creditors in this case was held on May 6, 2016 and May 20, 2016. At both meetings, the Debtor failed to disclose numerous personal properties. In addition, Schedule A/B requires Debtor to list all of his personal properties. The Debtor is the owner of multiple personal properties that were not disclosed in his Schedule A/B. This schedule was amended twice after the filing of the case; the last time on August 22, 2016 [Dkt. No. 129] in response to the UST's motion to convert. The amended schedules contained material additions to prior disclosures. One hundred and sixty four days after the order for relief, Debtor's assets are still being disclosed. In light of Debtor's failure,

neither the United States trustee, nor the creditors were able to properly evaluate Debtor's financial affairs and probabilities of rehabilitation. Given the information available, the court concludes that "cause" exists for relief under 11 U.S.C. § 1112(b)(1). This is predicated on the court's finding that the Debtor acted either intentionally or recklessly in violation of his financial disclosure obligations as a chapter 11 debtor.

Section 1112(b)(2) requires that there be a "reasonable justification" for the act or omission that gives rise to a finding of "cause" under § 1112(b)(1). The Debtor's counsel proffered at the hearing and in his reply the following explanation for the omissions from his initial bankruptcy schedules and statements:

> Here, the Debtor filed the instant voluntary petition in the midst of having to file not one, but two, emergency petitions (one for himself and one for his business). At the time the Debtor and his business were the objects of at least twenty lawsuits, were subject to immediate garnishments, the Debtor's business was in the midst of losing its operational licenses from Hacienda, and five or six of the Debtor's real properties had gone into foreclosure. On top of all of the above, the Debtor, who is a celebrity, was subject to daily reports and commentary in the print, radio, and television media of the Commonwealth. With the above as background, the Debtor managed to file schedules which were over 99.99% correct; that is, out of a total alleged asset of $5,545,000.00; the Debtor correctly listed and scheduled over $5,540,000.00. In fact, to achieve the above the Debtor amended his schedules, on his own and prior to any 341 Meeting, at least three times to increase and further supplement and corrects his asset scheduling. It can hardly be argued that a Debtor which, on his own, amends his schedules to increase, supplement, and further disclose assets, not once, twice, but three times prior to the 341 Meeting…. Moreover, on August 22, 2016, the Debtor further amended his schedules to supplement the four pieces of personal property, valued at less than $5,000.00 and potentially all exempt property, alleged by the Trustee which were not scheduled. [Dkt. No. 130, pg. 3].

This rationale provided above was not subject to the court's scrutiny as a finder of fact due to Debtor's unexplained absence from this proceeding. The Debtor's written explanation, standing alone, is insufficient. There is no evidence submitted that would suggest that a sophisticated

experienced businessman would be prevented from fulfilling the most basic of bankruptcy debtor duties.

The Debtor, while acting as debtor-in-possession ("DIP") and as a fiduciary to his creditors, acted either deliberately or recklessly in failing to disclose the existence of valuable estate assets. He continued to conceal that information from his creditors for several months. An inexcusable failure to make numerous, material financial disclosures supports a finding of cause for dismissal, conversion or the appointment of a trustee under § 1112(b).[1] The court rejects the Debtor's explanation for his unacceptable financial reporting. The court finds that the Debtor's violation of his duties, at a minimum, reckless or, worse still, purposeful. Either way, his conduct is inexcusable. Without a reasonable justification for the Debtor's inadequate performance as DIP, the case must be converted or dismissed.

Further, and more fundamentally, the Debtor has not established that this case is unusual in either common meaning of the term or in the specialized way it is employed in Section 1112(b)(2), such that it would be appropriate to disregard the existence of cause of conversion of the case. The UST has established cause for relief under section 1112(b)(2) and the Debtor has failed to establish the existence of "unusual circumstances under section 1112(b)(2). For these reasons, the *Motion to Convert to Chapter 7 Pursuant to § 1112(b) of the Bankruptcy Code* and *Legal Memorandum in Support of the Motion* is GRANTED and this case shall be converted from chapter 11 to chapter 7.

---

[1] Simply filing the correct form on time is not compliance with § 1112(b)(4)(F), at least where the timely filed documents contain grossly erroneous, material information. "Filing a piece of paper is meaningless if the content is inaccurate, misleading, or wrong, thus the content of these documents is ... relevant [under § 1112(b)(4)(F) ]." In re Tucker, 411 B.R. 530, 532 (Bankr.S.D.Ga.2009); see also In re Charles Street African Methodist Episcopal Church of Boston, 499 B.R. 66, 115–16 (Bankr.D.Mass.2013); In re Hoyle, 2013 WL 210254, at *6–7 (Bankr.D.Idaho Jan. 17, 2013); In re Whetten, 473 B.R. 380, 383 (Bankr.D.Colo.2012); In re Sanders, 2010 WL 5136192, at *4 (Bankr.D.S.C. Apr. 29, 2010)

SO ORDERED

San Juan, Puerto Rico, this 1st day of September, 2016.

Brian K. Tester
U.S. Bankruptcy Judge